UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURTIS COLE,<br><br>      Plaintiff,<br><br>      v.<br><br>ANDREW COULTER, *et al.*,<br><br>      Defendants. | Case No. 25–cv–13662–ESK–EAP<br><br><br>OPINION AND ORDER |

**THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Curtis Cole, a pretrial detainee at Camden County Correctional Facility, to proceed *in forma pauperis* (IFP) (ECF No. 1–1); and the Court finding,

    1.    Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

    2.    Plaintiff's affidavit in support of the Application sufficiently establishes his inability to pay the Court's fees.

    3.    The Court shall accordingly screen the action to determine whether plaintiff's complaint (Complaint) (ECF No. 1): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4. When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5. A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555.

6. The Complaint, which arises out of plaintiff's arrest on August 16, 2023 (ECF No. 1 p.5), does not meet the above standards. Plaintiff alleges that defendants Andrew Coulter and Samantha Devine, who are detectives at the Camden Country Metro Police Department, violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights for "false arrest, illegal arrest, false imprisonment, malicious prosecution, ethnic profiling, and the illegal search of and seiz[ure] of [his] persons and property." (*Id.* p.5.) To state a claim pursuant to 42 U.S.C. §1983, "a plaintiff must allege the nature of the unconstitutional conduct, and the time, place, and persons responsible." *Harvey v. Czplinski*, No. 16–08181, 2016 WL 7436052, at *2 (D.N.J. Dec. 22, 2016). However, beyond alleging in a conclusory manner that defendants falsely arrested him, plaintiff fails to explain why he believes defendants lacked probable cause to arrest him. *See Groman v. Township of Manalapan*, 47 F.3d 628, 635 (3d Cir. 1995) (noting that the proper inquiry for a false arrest claim is "whether the arresting officers had probable cause to believe the person arrested had committed the offense"). Furthermore, plaintiff fails to allege what defendants did to violate his constitutional rights.

Accordingly,

    **IT IS** on this   **24th** day of **July 2025**   **ORDERED** that:

1. The Application (ECF No. 1–1) is **GRANTED.**

2. The Complaint (ECF No. 1) is **DISMISSED without prejudice**. Plaintiff may file an amended complaint by **August 25, 2025** addressing the deficiencies outlined above.

   3. The Clerk of the Court is directed to close this action and send a copy of this Order to plaintiff by regular mail.

                  */s/ Edward S. Kiel*
                  **EDWARD S. KIEL**
                  **UNITED STATES DISTRICT JUDGE**