UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CURTIS COLE,** <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW COULTER,** *et al.*, <br><br> Defendants. | Case No. 25–cv–13662–ESK–EAP <br><br><br> **OPINION AND ORDER** |

**THIS MATTER** having come before the Court upon *pro se* plaintiff Curtis Cole's filing of a second amended complaint (Second Amended Complaint) (ECF No. 6); and the Court finding,

1. On July 23, 2025, the Court received plaintiff's complaint (Complaint) (ECF No. 1) and first IFP application (ECF No. 1–1). While the first IFP application was granted, the Complaint was dismissed without prejudice for lack of facial plausibility and failure to satisfy the pleading standard. (ECF No. 3.) On August 13, 2025, plaintiff filed the Amended Complaint (ECF No. 4) and a second IFP application (ECF No. 4–2). Since the Amended Complaint was nearly identical to the Complaint and failed to remedy the deficiencies the Court previously noted, the Amended Complaint was dismissed without prejudice. (ECF No. 5.)

2. The Second Amended Complaint once again fails to sufficiently plead how defendants violated plaintiff's constitutional rights. Beyond conclusory statements indicating that defendants falsely arrested plaintiff, and that defendants took plaintiff's money and property, which has yet to be returned to plaintiff, (ECF No. 6 pp. 4, 5, 7), no facts are asserted upon which relief "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Groman v. Township of Manalapan*, 47 F.3d 628, 635 (3d Cir. 1995) (noting that the proper inquiry for a false arrest claim is "whether the arresting officers had probable cause to believe the person arrested had committed the offense").

3. Plaintiff has already had two opportunities to amend the Complaint. Providing him with a third opportunity to do so would be futile. *See Robinson v. Delbalso*, No. 22–02378, 2022 WL 17248100, at *2 (3d Cir. Nov. 28, 2022) (noting that "[b]ecause [the plaintiff] … had two opportunities to amend his

complaint, declining to grant further leave to amend was proper"); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (noting that since the pro se plaintiff "already had two chances to tell his story," allowing the plaintiff to file a third amended complaint would be futile).

Accordingly,

**IT IS** on this **15th** day of **September 2025 ORDERED** that:

1. The Second Amended Complaint (ECF No. 6) is **DISMISSED with prejudice**.

2. This action shall remain closed. The Clerk of the Court is directed to send a copy of this order to plaintiff by regular mail.

           */s/ Edward S. Kiel*
           **EDWARD S. KIEL**
           **UNITED STATES DISTRICT JUDGE**